## SCOTT v. GLAZE.

**Contract**: CHATTEL MORTGAGE: REPLEVIN. S. contracted to sell and
deliver for G. $650 worth of property to be prepared and furnished him
by G., and to collect and pay over to the latter the money arising
form the sales, which should be made to none but responsible parties.
S. under this agreement sold $675 worth of property, and collected
all of the same except $56. Of this latter sum, S. attempted without
success to collect a portion, but as to the remainder of this balance,
he made no effort to collect. G., claiming that S. had not complied
with his contract, took possession of some chattels mortgaged to him
by S. as security for his performance of the contract, and there-
upon S. instituted an action of detinue to. recover the chattel. *Held*,
that no sufficient excuse appearing for the failure of S. to make an
effort to collect all of the balance remaining unpaid, he was not entitled
to recover

*Appeal from Mahaska Circuit Court.*

### FRIDAY, JULY 22.

ACTION of detinue. Trial to the court without a jury,
and judgment for plaintiff. Defendant appeals.

*Seevers & Cutts* for the appellant.

*Lacey & Shepherd* for the appellee.

BECK, J. — The facts found by the court are substan-
tially as follows: Plaintiff contracted to sell and deliver for
defendant $650 worth of tombstones, to be prepared and
furnished him by defendant. Plaintiff also undertook to
collect and pay over to defendant the money upon the sale

of the tombstones, and that no sale should be make except to good, responsible parties. The terms of the performance of this contract and other stipulations therein contained need not be stated. To secure the performance of this contract plaintiff executed a mortgage upon a span of mules, which he had received of defendant as the consideration of his contract. Under this agreement plaintiff sold $676 worth of tombstones, and collected pay for all except $56. Of the sum remaining unpaid plaintiff has attempted to collect a portion. The court finds that the amount unpaid may be lost. Of the sum collected plaintiff retained $64, with the permission of defendant, which the court finds was in the nature of a loan.

The defendant, claiming that plaintiff had not complied with the contract, took possession of the mules under the mortgage. To recover the mules and damages for their detention this suit is brought.

Upon the facts, the court rendered judgment for the return of the mules, or their value, and for damages on account of their detention.

In our opinion the facts as found by the court do not sustain the judgment. The plaintiff evidently had not performed his contract. He agreed to collect the price of the tombstones he sold, and undertook that he would sell only to responsible parties. He has not collected a portion of the sales and has made no effort so to do as to a part of the same remaining unpaid. Certainly under his contract he is bound to collect the outstanding sums or to show some reason for not doing so. In the finding no reason appears to excuse him for this failure to keep his contract. The appellee argues, that under the contract plaintiff does not guarantee the outstanding debts and, as the court finds some of them may be lost, plaintiff cannot be required to collect these bad claims. That may be admitted, and yet, under the finding of the court, he has

not performed his contract, for the court finds that he has attempted to collect only a portion of the debt remaining unpaid.

The appellant insists that plaintiff is liable on the mortgage and agreement for the $64 retained. But the court finds that this was a loan, and it is but a fair interpretation of the language of the finding to hold that the court intended to express the idea that the evidence was to the effect that a new indebtedness was created by the transaction between plaintiff and defendant. The question is not clear, and it is needless to consider it further, as the judgment, for the reason above given, must be

Reversed.